IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BARRETT'S BARLEYCORN, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| COLUMBIA INSURANCE | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Barrett's Barleycorn ("Barrett's"), brings this declaratory judgment, breach of contract and tort action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 against defendant Columbia Insurance Group, Inc. ("Columbia"). In support of this action, Barrett's states and alleges as follows:

**JURISDICTION AND VENUE**

1. Barrett's Barleycorn is a Nebraska company operating a pub and grill, with its principal place of business in Omaha, Nebraska.

2. Columbia, based upon information and belief, is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Columbia, Missouri. Columbia is an insurance company in the business of providing comprehensive liability contracts for insurance.

3. Barrett's and Columbia entered into an insurance policy wherein Columbia provided insurance coverage to Barrett's from July 29, 2013 to July 29, 2014. A copy of Policy CMPNE05026 (the "Policy") is attached hereto and incorporated herein as **Exhibit A.** In accordance with the terms of the Policy, Barrett's paid premiums to the primary insurer Columbia to provide Barrett's with primary insurance coverage under the Policy for Bodily Injury and Property Damage.

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 (c)(1) as this matter involves a request for a declaratory judgment on the insurance policy. Columbia, as an insurer, is deemed to be a citizen of the State of Missouri, where it is incorporated and has its principal place of business. As such, there exists complete diversity between the parties.

5.  Furthermore this Court has jurisdiction pursuant to Neb. Rev. Stat. § 25-536(1)(f) which states that a court may exercise personal jurisdiction over any defendant who contracts to insure any person, property or risk located within the state at the time of the contract. Barrett's was located in this state at the time it contracted with Columbia for insurance coverage. As such, this Court has jurisdiction by statute for the claims alleged in this lawsuit against defendant Columbia.

6.  Pursuant to 28 U.S.C. § 1391, venue is proper because Columbia is a corporation which is deemed to reside in any judicial district in which it is subject to personal jurisdiction. Columbia is subject to personal jurisdiction in Nebraska by any one of the several statutes set forth above. The allegations in the lawsuit against Columbia arise out of its insurance agreement with Barrett's for coverage of Barrett's premises; therefore this Court is the proper venue for this claim.

7.  The amount in controversy exceeds $75,000.

## FACTS

8.  On May 15, 2014, Eric Neilson ("Neilson") alleges he was participating in a sand volleyball league game at Barrett's. During the course of the play, Neilson alleges that he tripped, lost his balance, and fell through a single pain of glass injuring his left hand and arm.

9. Neilson, through his attorney, made a demand against Barrett's for $175,000 based on bodily injury allegedly suffered by Neilson during the volleyball game on Barrett's property.

10. Barrett's promptly submitted the claim to Columbia for coverage of both defense costs and indemnity for any and all damages arising from the loss alleged by Neilson.

11. On December 18, 2014, Columbia sent a letter to Barrett's informing Barrett's that Columbia was denying Barrett's claim for coverage under the Policy.

## DECLARATORY JUDGMENT

12. Barrett's hereby incorporates paragraphs 1 through 11 above as though fully set forth herein.

13. Columbia agreed with Barrett's for due consideration to provide insurance coverage under the Policy. Barrett's paid premiums to Columbia for coverage. The terms of the Policy afford bodily injury coverage to Barrett's for losses that occur on its premises. From the facts of the Nielsen claim as submitted, wherein he has alleged he was injured on Barrett's property, the Columbia policy provides coverage. Columbia is therefore obligated to defend Barrett's against Nielsen's claim. If Nielsen's injury was caused by or contributed to be caused by an act of Barrett's, Columbia is also obligated to provide indemnity coverage for damages claimed by Neilson.

14. Pursuant to 28 U.S.C. § 2201(a), Barrett's seeks a declaration of the rights and legal obligations of the parties pursuant to the insurance contract and it asks the Court to determine Columbia's responsibility to provide coverage to Barrett's under the Policy terms.

15. Columbia's failure to provide coverage to Barrett's has caused Barrett's to incur real and consequential damages. Such real and consequential damages are the direct and proximate result of the actions of Columbia. Barrett's has also incurred attorney fees in defending and investigating the Nielsen claim. Barrett's further asks the Court to direct

Columbia to make such payments for damages as proven herein. Barrett's also requests that all attorney fees be paid by Columbia pursuant to Neb. Rev. Stat. § 44-359.

## BREACH OF CONTRACT

16. Barrett's hereby incorporates paragraphs 1 through 15 above as though fully set forth herein.

17. For due consideration, Barrett's paid a premium to Columbia for insurance coverage under the Policy.

18. The Policy agreed, in part, to provide coverage to Barrett's for losses because of bodily injury or property damage. Under these and other terms of the Policy as set forth above, and for due consideration, Barrett's has a contractual right to be covered by Columbia for any damages, costs and/or expenses arising from or growing out of the claims by Neilson that are associated with Barrett's.

19. Barrett's tendered its claim to Columbia, and has made a demand that Columbia provide coverage to Barrett's for any claim made by Neilson. Columbia has refused to provide such coverage for any potential costs, expenses, fees and damages. This refusal is a breach of the contract terms between Barrett's and Columbia.

20. Columbia's failure to provide coverage to Barrett's has caused and/or contributed to cause Barrett's to incur real and consequential damages. It has also caused Barrett's to incur additional costs, expenses, fees, and other losses including attorney fees in defending against Neilson's claim and determining coverage. Such real and consequential damages are the direct and proximate result of the actions of Columbia.

## NEGLIGENCE

21. Barrett's hereby incorporates paragraphs 1 through 20 as though fully set forth herein.

22. Barrett's expressed to Columbia a desire for insurance coverage for Barrett's bar activities, which included the act of hosting an outdoor space for volleyball games involving bar patrons. Barrett's stated that it wanted insurance coverage for the outdoor games and any injuries or losses that may occur during those games. Colombia had a duty to use its professional judgment to choose a policy and any applicable endorsements to cover bodily injuries incurred during Barrett's volleyball games. Columbia expressly states this duty in the policy: "The protection you have in this policy has been personally designed for your insurance needs." Barrett's believed this to be true, and reasonably relied upon Columbia's superior judgment in selecting the proper policy form and endorsement in order to provide coverage for the outdoor volleyball games.

23. Columbia breached this duty. Columbia knew or should have known which insurance to provide so that Barrett's would be covered for any bodily injury losses to bar patrons that occurred during outdoor volleyball games on the premises. Now Columbia is denying such coverage for the very types of volleyball claims that Columbia said it would cover for Barrett's when it purchased the policy. Either Columbia is in breach of the terms of the endorsement which does cover losses incurred during not-for-profit volleyball claims as claimed in the previous paragraphs; or in the alternative, Columbia was negligent in using its professional judgment in choosing the CGL policy form and endorsement CG 21 01 11 85 for the Barrett's policy if this endorsement excludes such losses.

24. As a direct and proximate result of Columbia's negligence, Barrett's has suffered and will continue to suffer real and consequential damages. Barrett's further asks the Court to direct Columbia to make such payments for a defense of the Nielsen claim, and if warranted, for Nielsen's damages if proven. Barrett's also requests attorney fees for defending the claim and determining coverage.

BAD FAITH

25. Barrett's hereby incorporates paragraphs 1 through 24 as though fully set forth herein.

26. Columbia owes a defense and indemnity to Barrett's as directed herein. Barrett's tendered the Nilsen claim to Columbia in a timely manner on or about June of 2014; however Columbia has refused in good faith under common and Nebraska statutory law to investigate the claim promptly. Columbia did not respond to Barrett's tender of defense and indemnity for over 5 months until December 18, 2014. Despite proof from Barrett's that this claim is covered, and that Columbia negligently misrepresented that coverage would be provided for volleyball losses, Columbia has continued to deny coverage under the Policy and to reject Barrett's tender.

27. Columbia knows or has reason to know that it does not have a reasonable basis for failing to timely investigate and provide coverage for Neilson's claim under the Policy. Columbia's reckless indifference to facts or to proof submitted by Barrett's amounts to a breach of its fiduciary responsibility for good faith and fair dealing with its insured.

28. As a direct and proximate result of Columbia's bad faith, Barrett's has suffered real and consequential damages. Barrett's further asks the Court to direct Columbia to make such payments for defense and indemnity as proven herein. Barrett's also requests attorney fees for defending the claim and determining coverage.

**STATUTORY ATTORNEY FEES**

29. Barrett's requests that all attorney fees, costs and expenses it incurs in prosecuting this action against Columbia be awarded pursuant to Neb. Rev. Stat. § 44-359.

## JURY DEMAND

Pursuant to Neb. L. R. Civ. Pro. 38, Barrett's demands a trial by jury on the allegations made in this complaint for declaratory judgment.

Barrett's hereby designates Omaha as its site for trial as the witnesses, documents, evidence and counsel are found here.

## PRAYER FOR RELIEF

WHEREFORE, Barrett's respectfully prays for a judgment in its favor on one, some or all allegations against Columbia for direct and consequential damages as requested herein; for attorney fees in defending the claim and determining coverage prior to filing this claim; for attorney fees incurred in bringing this action, and for further relief in equity or law that the court deems just and proper.

DATED: **March 13, 2015.**

                              BARRETT'S BARLEYCORN, Plaintiff,

                              By:   /s/ Anne Marie O'Brien
                                    Anne Marie O'Brien, #18271
                                    Maria T. Lighthall, #24110
                                    LAMSON, DUGAN & MURRAY, LLP
                                    10306 Regency Parkway Drive
                                    Omaha, NE  68114
                                    Telephone:  (402) 397-7300
                                    Telefax:  (402) 397-8450
                                    aobrien@ldmlaw.com
                                    mlighthall@ldmlaw.com
                                    *ATTORNEYS FOR PLAINTIFF*

605592